UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD R. WAKELEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, <br><br> Defendant. | NO. CV-11-5064-LRS <br><br> ORDER DISMISSING ACTION FOR FAILURE TO OBEY AN ORDER TO COMPLY WITH THE FILING FEE REQUIREMENTS |

By Order filed March 22, 2012, the Court granted Mr. Wakeley an extension of time until March 31, 2012, to either pay the $350.00 filing fee for this action or to supply a certified copy of his trust fund account statement for the 6-month period immediately preceding April 14, **2011** (when he initially submitted his complaint), along with a completed Declaration and Application to Proceed *in forma pauperis* by a Prisoner. ECF No. 18. Mr. Wakeley did not comply with this directive and has filed nothing further in this action.

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

ORDER DISMISSING ACTION FOR FAILURE TO OBEY AN ORDER TO COMPLY WITH THE FILING FEE REQUIREMENTS -- 1

The first two factors weigh in favor of dismissal. The Court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because Defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, despite the Court's instructions, Plaintiff has not complied with the filing fee requirements of 28 U.S.C. §§ 1914(a) or 1915(a)(1). As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply. Plaintiff, however, has already had more than two months to follow this Court's directive and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal). Accordingly, **IT IS ORDERED** this action be **DISMISSED WITHOUT PREJUDICE** for failure to obey an Order of this Court to comply with the statutory filing fee requirements.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file. The District Court Executive shall strike any pending deadlines in this matter. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 18th day of April 2012.

S/ *Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION FOR FAILURE TO OBEY AN ORDER TO COMPLY WITH THE FILING FEE REQUIREMENTS -- 2